**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MANORAMA PATEL,

       Plaintiff-Appellant,

v.

UNIVERSITY OF KANSAS
HOSPITAL AUTHORITY,

       Defendant-Appellee.

No. 09-3014
(D.C. No. 2:07-CV-02290-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

      Manorama Patel appeals the district court's grant of summary judgment in

favor of her former employer, the University of Kansas Hospital Authority (the

Hospital), with regard to her claims of race and national origin discrimination and

retaliation under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964,

42 U.S.C. §§ 2000e-2, 2000e-3, 2000e-5.  Identifying no evidence creating a

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

genuine issue of material fact as to whether the Hospital's reason for discharging Ms. Patel was pretext, we AFFIRM.

The parties know the facts, so we do not go into great detail. Ms. Patel is of South Asian heritage (her family is from India), and she was employed by the Hospital as a Gastrointestinal/Endoscopy Lab Technician (GI Tech). After two registered nurses reported seeing her sleeping during a procedure, the Hospital terminated her employment. Ms. Patel denies that she was sleeping, and contends that the termination was due to race and national origin discrimination and/or retaliation for a complaint she had made about being treated rudely by an allegedly biased doctor.

Applying the burden-shifting scheme of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981), to the Hospital's motion for summary judgment, the district court held that Ms. Patel established her prima facie case and the Hospital proffered a legitimate, nondiscriminatory reason for the termination. The court also held that Ms. Patel had not presented evidence establishing a genuine issue of material fact as to whether the Hospital's proffered reason was a pretext for discrimination or for retaliation. Accordingly, the district court granted summary judgment to the Hospital.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The sole issue on appeal is whether Ms. Patel can establish a genuine issue of material fact as to pretext. "We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). "[W]e view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Id.*

Evidence of pretext "may take a variety of forms," including evidence tending to show "that the defendant's stated reason for the adverse employment action was false" and evidence tending to show that the defendant acted contrary to a written or unwritten policy or practice. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000) (quotation omitted). "The plaintiff's evidence can also allow for an inference that the employer's proffered non-discriminatory reasons were either a *post hoc* fabrication or otherwise did not actually motivate the employment action." *Plotke v. White*, 405 F.3d 1092, 1102-03 (10th Cir. 2005) (alteration and quotation omitted). When analyzing a contention of pretext, we examine "the facts as they appear to the person making the decision to terminate plaintiff." *Kendrick*, 220 F.3d at 1231. "[T]he relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those

-3-

beliefs." *Young v. Dillon Cos.*, 468 F.3d 1243, 1250 (10th Cir. 2006) (quotation omitted). This court does not "act as a super personnel department, second guessing employers' honestly held (even if erroneous) business judgments." *Id.* (quotation omitted).

On appeal, Ms. Patel proffers the same pretext arguments that she laid before the district court. For substantially the reasons set forth in the district court's summary-judgment decision, we agree that Ms. Patel has not created a genuine issue of material fact as to pretext. And even if we were to conclude that the district court erred in some portion of its analysis, the Hospital would still be entitled to judgment as a matter of law. As the district court concluded, at best there could be "a weak issue of fact as to whether the employer's reason was untrue," while the record contains "abundant and uncontroverted independent evidence that no discrimination . . . occurred." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000).

The district court's grant of summary judgment is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

-4-